## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| **SUPERMEDIA LLC,**<br>**f/k/a IDEARC MEDIA LLC**<br>2200 West Airfield Drive<br>Dallas/Fort Worth Airport, TX  75261,<br><br>      **Plaintiff,**<br><br>v.<br><br>**BALDINO'S LOCK & KEY SERVICE, INC.**<br>7000-G Newington Road<br>Lorton, VA 22079,<br><br>      **Defendant.**<br><br><u>Serve On:</u>   **David Asaki, Esquire**<br>         **Resident Agent**<br>         **20 Courthouse Square, Suite 218**<br>         **Rockville, MD 20850**<br><br>**and**<br><br>**BALDINO'S ELECTRONIC SECURITY, INC.**<br>7000-G Newington Road<br>Lorton, VA 22079,<br><br>      **Defendant.**<br><br><u>Serve On:</u>   **David Asaki, Esquire**<br>         **Resident Agent**<br>         **20 Courthouse Square, Suite 218**<br>         **Rockville, MD 20850** | **Civil Action No.:** |

---

### COMPLAINT

Plaintiff, SuperMedia LLC, f/k/a Idearc Media LLC ("SuperMedia" or "Plaintiff"), brings this action against Defendants, Baldino's Lock and Key Service, Inc. and Baldino's Electronic Security, Inc. and states as follows:

## THE PARTIES

1.      Plaintiff is a Delaware limited liability company with its principal place of business in Dallas, Texas.  SuperMedia LLC is a wholly owned subsidiary of its sole member SuperMedia Inc., a publicly held Delaware corporation with its principal place of business in Dallas, Texas.  SuperMedia is the publisher of the Verizon *Yellow Pages* and *White Pages* telephone directories, and *Superpages.com* (hereinafter collectively the "Directories").

2.      Defendant Baldino's Lock and Key Service, Inc. is a Virginia corporation doing business in Maryland with its principal place of business located at 7000-G Newington Road, Lorton, VA 22079.

3.      Defendant Baldino's Electronic Security, Inc. is a Virginia corporation doing business in Maryland with its principal place of business located at 7000-G Newington Road, Lorton, VA 22079.

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction based on diversity of citizenship, because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00).

5.      Pursuant to 28 U.S.C. §1391, venue in this judicial district is proper because Defendants maintain 6 places of business in the state of Maryland located in Annapolis, Capitol Heights, Catonsville, Gaithersburg, Rockville and Timonium, from which they provide mobile and emergency locksmith services, general locksmith services, safes and other services in this judicial district and a substantial part of the acts or omissions giving rise to the claims asserted in this Complaint occurred within this district.

## FACTUAL ALLEGATIONS

6.      Defendants Baldino's Lock and Key Service, Inc. and Baldino's Electronic Security, Inc. are Virginia corporations owned by the same individuals, Mark and Gary Baldino.

7.      Upon information and belief, Defendants conduct business under the name of Baldino's Lock and Key.

8.      Defendants maintain a website at the domain name of www.baldinos.com. Defendants provide mobile and emergency locksmith services, general locksmith services, safes and other services out of at least 17 different locations spread across Maryland, Virginia and Washington, D.C.  Six of the Defendants' stores are located in Maryland.

## COUNT I – BREACH OF CONTRACT

9.      SuperMedia realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 8 above.

10.      In 2008, 2009 and 2010, Defendants entered into a series of contracts with SuperMedia pursuant to which Defendants agreed to pay SuperMedia an agreed upon monthly rate for twelve (12) months upon SuperMedia's publishing of numerous advertisements for Defendants in 2009 and 2010 SuperMedia Directories serving Montgomery County, Prince George's County, Anne Arundel County, Baltimore City, Baltimore County, the District of Columbia, Northern Virginia, and Prince William, Loudoun and Fauquier Counties in Virginia as well as superpages.com.  Each contract is signed by an authorized representative of one of the Defendants, which contract incorporates by reference and is governed by a set of standard Terms and Conditions (hereinafter collectively the "Contracts").  Copies of the Contracts and their terms and conditions are attached hereto as **Exhibits A through H**.

11.   By signing the Contracts, Defendants' owner Mark Baldino and marketing head, Sarah Baldino, warranted that they had full authority to sign for and bind Defendants. Defendants agreed to be bound by the Terms and Conditions of the Contracts and agreed to be liable for all amounts due under invoices issued to Defendants pursuant to such contracts. (Exhibits A through H).

12.   By signing the Contracts, Defendants acknowledged and agreed that the Contracts were subject to terms and conditions attached to the Contracts and if SuperMedia publishes their advertising, Defendants agreed to pay SuperMedia the monthly rates shown on the Contracts in accordance with the terms and conditions.  Defendants also acknowledged that it had received a copy of each contract and the attached terms and conditions at the time the Contracts were signed.  (Exhibits A through H).

13.   Pursuant to the Contracts, Defendants were assigned account numbers ending in 3510, 8091 and 0792 and were sent monthly invoices for directory services provided by SuperMedia pursuant to those Contracts.  The monthly invoices for those accounts were sent to Defendants at P.O. Box 1417, Newington, VA 22122-1417.

14.   Although SuperMedia fully and completely satisfied all of its contractual obligations under the Contracts, Defendants defaulted on their contractual obligations by failing to pay all amounts due under the Contracts as evidenced by the invoices issued to Defendants by SuperMedia.

15.   Pursuant to the terms and conditions attached to the Contracts, Defendants agreed to the payment of monthly interest and additional expenses incurred by SuperMedia as a result of collection efforts, including, but not limited to its reasonable attorneys' fees. (See terms and

conditions attached to Exhibit A, ¶ 3, 8, and terms and conditions attached to Exhibits B through H at ¶ 8).

16.     As a direct and proximate result of Defendants' material breach of the Contracts, SuperMedia has suffered and continues to suffer monetary damages in the amount of $167,584.35, plus the costs of collection including attorneys' fees, as provided for in the Contracts.

**WHEREFORE**, as to Count I of this Complaint, SuperMedia respectfully requests that judgment be entered against Defendants Baldino's Lock and Key Service, Inc. and Baldino's Electronic Security, Inc. in the amount of $167,584.35, jointly and severally, and as relief therefore seeks the following:

A.     An award to Plaintiff SuperMedia of any and all monetary damages afforded to it and as proven at trial;

B.     An award to Plaintiff SuperMedia of any and all pre-judgment and/or post judgment interest, late charges, and any and all other costs and reasonable attorneys' fees, permitted by contract and/or at law; and

C.     Any and all other and further relief as justice and its cause require.

## COUNT II - QUANTUM MERUIT/UNJUST ENRICHMENT

17.     SuperMedia realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 16 above.

18.     At the time SuperMedia provided services to Defendants, the parties agreed and understood that Defendants would pay SuperMedia for such services.

19.     Defendants received and accepted the advertising services provided by SuperMedia as reflected in the invoices issued by SuperMedia.

20.     Defendant benefited from the advertisement listings provided by SuperMedia.

21.     SuperMedia has demanded, and continues to demand, that Defendants make full payment of all sums due on the unpaid and outstanding invoices issued under the Contracts. Despite these repeated demands, Defendants have refused and continues to refuse to make such payments.  Defendants' refusal to make the required payments on the unpaid and outstanding invoices to SuperMedia is wrongful, wholly unjustified and contrary to interests of equity and justice.

22.     By and through its refusal to pay all sums due, Defendants have been unjustly enriched to the severe economic detriment of SuperMedia in the amount of $167,584.35.

**WHEREFORE**, as to Count II, being pled in addition to and/or in the alternative to Count I, SuperMedia respectfully requests that judgment be entered against Defendants in the amount of $167,584.35 and, as relief therefore, seeks the following:

A.  An award to Plaintiff  SuperMedia of any and all monetary damages afforded to it and as proven at trial;

B.  An award to Plaintiff  SuperMedia of any and all pre-judgment and/or post judgment interest, and any and all other costs and reasonable attorneys' fees, permitted in equity and/or at law; and

C.  Any and all other and further relief as justice and its cause require.

Dated: April 12, 2012

Respectfully submitted,

Tessa L. Frederick, Bar No. 25374
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464
tfrederick@milesstockbridge.com

Attorneys for Plaintiff,
SuperMedia LLC